315 So.2d 289 (1975)
STATE of Louisiana
v.
Douglas W. BARTON.
No. 55977.
Supreme Court of Louisiana.
June 23, 1975.
Rehearing Denied July 25, 1975.
*290 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Alfred B. Shapiro, Asst. Dist. Atty., for plaintiff-appellant.
W. T. Armitage, Jr., Law Offices of Bernard Kramer, Alexandria, for defendant-appellee.
MARCUS, Justice.
Douglas Wyatt Barton was charged by bill of information with the criminal neglect of his wife in violation of La. R.S. 14:74(1). Defendant filed a motion to quash the information on the ground that the statute forming the basis of the prosecution, La. R.S. 14:74(1), violated both the Louisiana and United States Constitutions. Pursuant to oral argument on the *291 motion, the trial judge declared the statute to be unconstitutional and quashed the bill of information filed against defendant. The state has appealed the ruling to this court.

I.
The statute that forms the basis of this prosecution provides in pertinent part:
Criminal neglect of family is the desertion or intentional nonsupport:
(1) By a husband of his wife who is in destitute or necessitous circumstances....

. . . . .
La. R.S. 14:74 (1950), as amended, La. Acts 1968, No. 14, § 1 (extraordinary session) (emphasis added). Defendant contends that the failure of the statute to proscribe similarly the desertion or intentional nonsupport of a husband in destitute or necessitous circumstances by a wife contravenes the equal protection clauses of the Louisiana and United States Constitutions. More particularly, he complains that La. R. S. 14:74 fails to treat similarly all those similarly situated, i.e., supporters of spouses, by prohibiting nonsupport only when the supporter is male.
Article 1, section 3 of the new Louisiana Constitution provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, belief, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. . . .
(Emphasis added.) The first sentence of the section was intended only as a restatement of the federal equal protection guarantee.[1] The standards applicable thereto are discussed below in the consideration of the fourteenth amendment to the United States Constitution. The second sentence (which uses absolute language), in comparison with the third sentence (which employs the arbitrary, capricious or unreasonable formula), permits no discrimination because of race or religious ideas, beliefs, or affiliations.
The third sentence delineates the limitation on the power of the state to discriminate by law against persons of specified classes, including members of either sex. The limitation imposed does not absolutely preclude the legislature from defining the range of persons affected by legislation according to the various classes listed in the section; rather, it proscribes the unreasonable or arbitrary definition of those affected according to class.[2] Accordingly, if the discrimination that results from the legislative classification is found to be within reason, the statute is not in violation of the constitution.
Considering these principles, we are unable to say that La. R.S. 14:74, which discriminates against men by proscribing the intentional nonsupport of wives by husbands but not of husbands by wives, is arbitrary, capricious, or unreasonable. Despite the increasing activities of women in the marketplace of commerce, it presently remains a fact of life that, between two spouses, the husband is invariably the means of support for the couple. Thus, the classification drawn by the statute, i.e., that only husbands are liable for criminal nonsupport, constitutes a reasonable legislative classification and does not contravene article 1, section 3 of the state constitution.

*292 II.
Section 1 of the fourteenth amendment to the United States Constitution provides that "[n]o State shall. . . deny to any person within its jurisdiction the equal protection of the laws." Thus, in passing legislation that imposes burdens upon or grants benefits to certain groups or classes of individuals, the state may not classify the range of persons affected by the burden or benefit without reason. To the extent that La. R.S. 14:74(1) imposes the burden of criminal liability for nonsupport of one's spouse only upon males by classifying supporters of spouses as husbands, it must withstand constitutional scrutiny in light of equal protection principles.
The equal protection clause requires that there by some justification in fact for the statutory classification drawn by the legislature, such that those similarly situated are similarly classified and treated. In other words, legislative classifications must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced are treated alike. The degree of accuracy required of sex-based classifications is tested by the traditional standard of review, which requires only that there be a rational relation between the classification as drawn and the achievement of a legitimate state objective found to be the purpose of the statute.[3]
While it is true that, as noted above, more and more women are abandoning the traditional role of homemaker in favor of commercial employment, the fact remains that, at present, the husband is still invariably the dominant or only means of support for a couple. In achieving the legitimate state objective of protecting the welfare of citizens of this state by prohibiting the desertion or intentional nonsupport of a wife by a husband, the statute similarly treats the vast majority of all those similarly situated. Thus, although the classification thus drawn may be under-inclusive[4] of all supporters of spouses, as drawn it demonstrates a rational relation between the classification of supporters of spouses as male and the achievement of a legitimate legislative objective. Accordingly, the statute violates neither the equal protection clause of the fourteenth amendment to the federal constitution nor that of article 1, section 3 of the new Louisiana constitution.

DECREE
For the reasons assigned, the ruling of the trial judge quashing the bill of information filed against defendant is hereby reversed, and the case is remanded to the trial court for further proceedings in accordance with the views expressed herein.
BARHAM, J., dissents with reasons.
CALOGERO, J., dissents for the reasons assigned by BARHAM, J.
BARHAM, Justice (dissenting).
I am of the opinion La. R.S. 14:74(1) is violative of the Louisiana and United States Constitutions, being a denial of equal rights based upon an arbitrary and capricious classification. See dissent from denial of writs in State v. Robertson, 294 So.2d 839 (La. 1974).
Our Article 1, § 3 of the new Louisiana Constitution particularly provides that *293 "[n]o law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of * * * sex * * *." La. R.S. 14:74(1) provides that if a husband deserts or intentionally fails to support a wife "who is in destitute or necessitous circumstances" he is subject to criminal sanction.
First, I cannot concede to the majority that "* * * it presently remains a fact of life, between two spouses, the husband is invariably the means of support for the couple." Every economic publication dealing with the employment of sexes refutes that statement. I will concede that at the present time more financial earning which goes to support a family is derived by the male than by the female spouse, but this is not determinative of the issue of unreasonable discrimination in the statute we consider. The statute recognizes that a spouse may become destitute and in dire need. The purpose of the statute is to keep a person off the public dole when there is some financially able individual who is legally responsible for his or her support and maintenance.
A wife who can earn and does earn a livelihood is responsible for providing the financial aid to the family. There are mutual obligations for support between the spouses during the marriage. I cannot believe our constitution envisions a situation where a husband who leaves a wife who is destitute must go to jail, but a wife who leaves a husband equally destitute is without criminal obligation. I care not which way the legislature writes the law, i.e., both are subject to criminal sanction, or neither is subject to criminal sanction. But there is no rational basis in the statute we review for making only the male criminally responsible for an act which is just as obligatory upon the female as the male and which brings about the same result in the course of events. I am of the opinion the statute is patently unconstitutional, discriminating as to sex without any rational basis.
I respectfully dissent.
NOTES
[1] See Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La. L.Rev. 1, 6-10 (1974); Jenkins, The Declaration of Rights, 21 Loy. (N.O.) L.Rev. 9, 16-19 (1975).
[2] See note 1 supra.
[3] See Stanton v. Stanton, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975); Weinberger v. Wiesenfeld, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), noted in 48 Tul.L.Rev. 710 (1974); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).
[4] For the classic discussion of under-inclusive and over-inclusive classifications see Tussman & tenBroek, The Equal Protection of the Laws, 37 Calif.L.Rev. 341, 347-53 (1949).