366 So.2d 1381 (1978)
Mrs. Elizabeth Ann Daigrepont BURMASTER, etc.
v.
GRAVITY DRAINAGE DISTRICT NO. 2 OF the PARISH OF ST. CHARLES et al.
Nos. 62792, 62809.
Supreme Court of Louisiana.
December 15, 1978.
*1383 Victor E. Stilwell, Jr., Ralph L. Kaskell, Jr., Deutsch, Kerrigan & Stiles, New Orleans, for defendant-applicant in No. 62792 and for defendant-appellant in No. 62809.
R. Gray Sexton, Wilson & Sexton, Baton Rouge, amicus curiae for La. Engineering Society, the Consulting Engineers Council of La., Inc. and The American Society of Civil Engineers, La. Section.
Vincent J. Glorioso, Jr., Arthur A. Crais, Jr., Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for plaintiff-respondent in No. 62792 and for plaintiff-appellee in No. 62809.
Albert H. Hanemann, Jr., and William Hardy Patrick, III, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendant-respondent in No. 62792 and for defendant-appellant in No. 62809.
MARCUS, Justice.
Mrs. Elizabeth Ann Daigrepont Burmaster, individually and as natural tutrix of her minor children, instituted this suit to recover damages resulting from the death of her husband, Elvin E. Burmaster, Jr. Named defendants are Gravity Drainage District No. 2 of the Parish of St. Charles, St. Charles Parish Police Jury, Parish of St. Charles, Fromherz Engineers, Inc., Riess Construction Company, and United States Fidelity & Guaranty Company. The Aetna Casualty & Surety Company (workmen's compensation insurer of Reagan Equipment Company) intervened for burial expenses and compensation benefits paid to the surviving dependents of decedent.
Plaintiff alleged in her petition that her late husband was employed by Reagan Equipment Company as a mechanic. On *1384 April 23, 1977, while attempting to remove a heavy piece of equipment belonging to Gravity Drainage District No. 2 on premises owned and maintained by it and/or other defendants, he tripped on a protruding guard rail brace, causing him to fall into the water and drown. Plaintiff further alleged, inter alia, that the death of her husband was caused by Fromherz's negligent design and installation of the guard rail with a brace which protruded into an area where it knew or should have known persons would be required to walk and by its failure to incorporate in the design and construction any signs warning persons of the danger presented by the protruding brace, all in violation of recognized industry standards.
Fromherz's answer generally denied the allegations of plaintiff's petition and asserted that plaintiff's right of action had pre-empted under La.R.S. 9:2772[1] because the alleged incident occurred on April 23, 1977, more than ten years after the date of registry (March 20, 1962) in the mortgage office (St. Charles Parish) of acceptance of the work by the owner (St. Charles Gravity Drainage District No. 2). Thereafter, Fromherz filed a motion for summary judgment grounded on its claim that plaintiff's right of action had pre-empted pursuant to La.R.S. 9:2772. In support of its motion for summary judgment, Fromherz filed an affidavit of its executive vice-president who alleged that on November 30, 1959, Fromherz entered into a contract with Gravity Drainage District No. 2 whereby Fromherz was to provide engineering services for a storm drainage system in Norco, Louisiana. Under this contract, Fromherz prepared plans and specifications for construction of a drainage pumping station which included the guard rail and brace mentioned in plaintiff's petition. The guard rail and brace were constructed by Riess Construction Company in compliance with the plans and specifications prepared by Fromherz. Gravity Drainage District No. 2 accepted the project (including the guard rail and brace) and filed its acceptance in the St. Charles Parish mortgage records on March 20, 1962.
The trial judge denied Fromherz's motion for summary judgment, holding that La. R.S. 9:2772 was unconstitutional. On Fromherz's application, we granted a writ to review the correctness of this ruling.[2]
The sole issue presented for our resolution is whether La.R.S. 9:2772 is constitutional under both the state and federal constitutions.
Plaintiff first contends that La. R.S. 9:2772 is a special law prohibited by the Louisiana Constitution. She argues that the statute grants a certain number of persons within a class (architects and contractors) a special privilege or immunity which is not extended to all persons possessing the characteristics of the class.
Article 3, section 12(A)(7) of the Louisiana Constitution provides:
Section 12. (A) Prohibitions. Except as otherwise provided in this constitution, the legislature shall not pass a local or special law:
(7) Creating private corporations, or amending, renewing, extending, or explaining the charters thereof; granting to any private corporation, association, or individual any special or exclusive right, privilege, or immunity.
In Teachers' Retirement System of Louisiana v. Vial, 317 So.2d 179 (La.1975), this court distinguished permissible general laws from special laws prohibited by our constitution:
General laws are those that operate equally and uniformly upon all persons *1385 brought within the relations and circumstances for which they provide or that operate equally upon all persons of a designated class founded upon a reasonable and proper classification. In contrast, a statute is special if it affects only a certain number of persons within a class and not all persons possessing the characteristics of the class. In essence, a special law is one directed to secure some private advantage or advancement for the benefit of private persons. Viewed in this context, the constitutional proscription against special laws on certain subjects. . . represents an important safeguard against the abuse of legislative power on behalf of special interests. (footnotes omitted)
We must thus determine whether La.R.S. 9:2772 operates equally upon all persons of a designated class founded upon a reasonable and proper classification or whether the statute affects only a certain number of persons within a class and not all persons possessing the characteristics of that class.
La.R.S. 9:2772 provides in pertinent part:
A. No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
.....
B. The causes which are pre-empted within the time described above include any action:
.....
(3) For injury to the person or for wrongful death arising out of any such deficiency; and . . . .
E. The pre-emptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.
F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.
.....
It is conceded by the parties before us that La.R.S. 9:2772 includes within its coverage architects and contractors. Plaintiff contends that the express language of subsection E of the statute excluding the owner, lessor and tenant from its coverage renders the statute an impermissible special law. We do not agree.
We consider that there is a valid distinction between persons performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property and a person in possession or control, as owner, lessor, tenant or otherwise, of such improvement at the time of the incident giving rise to the cause of action. After the date of registry in the mortgage office of acceptance of the work by the owner, there exists the possibility of neglect, abuse, poor maintenance, mishandling, improper modification, or unskilled repair of an improvement to immovable property by the owner, lessor or tenant. It is difficult for the architect or contractor to guard against such occurrences because, after the acceptance by the owner, the architect or contractor ordinarily has neither control of the improvement nor the right to enter or inspect the improvement. It is thus reasonable for the legislature to have concluded that those with access to and control of improvements to immovable *1386 property (owner, lessor and tenant) should not be accorded the protection of the pre-emptive period established by La.R.S. 9:2772. Moreover, subsection F specifically provides that nothing in this section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner, lessor or lessee of an immovable by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property. Our law creates special obligations and rules of liability applicable to the owner, lessor and tenant of immovable property which have no application to the architect or contractor. This is an additional ground of distinction from which the legislature could have reasonably excluded the owner, lessor and tenant of immovable property from the protection of the pre-emptive period established by La. R.S. 9:2772.
Plaintiff also contends that La.R.S. 9:2772 is a prohibited special law because it excludes from its coverage materialmen and those furnishing or manufacturing construction components.
La.R.S. 9:2772 A provides:
No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property: . . . . (emphasis added)
We need not reach the issue of whether this statutory language includes or excludes materialmen and those furnishing or manufacturing construction components because, even assuming arguendo that they are excluded from the coverage of the statute, we nonetheless find the statute constitutional as the exclusion is founded on a valid distinction. Suppliers and manufacturers, who typically supply and produce components in large quantities, make standard goods and develop standard processes. They can thus maintain high quality control standards in the controlled environment of the factory. On the other hand, the architect or contractor can pre-test and standardize construction designs and plans only in a limited fashion. In addition, the inspection, supervision and observation of construction by architects and contractors involves individual expertise not susceptible of the quality control standards of the factory. Hence if, as plaintiff maintains, materialmen and those furnishing or manufacturing construction components are excluded from the coverage of the statute, it is reasonable for the legislature to have concluded that the product and work conditions of the materialmen and those furnishing or manufacturing construction components are sufficiently different from that of the architect an contractor such that the protection of the pre-emptive period established by La.R.S. 9:2772 should not be accorded to that class.
Accordingly, La.R.S. 9:2772 is a general law and not a special law prohibited by La.Const. art. 3, § 12(A)(7).
Plaintiff next contends that La. R.S. 9:2772 offends the equal protection guarantees of both the state and federal constitutions.
Both the state and federal constitutions mandate equal protection of the laws. U.S. Const. amend. XIV; La.Const. art. 1, § 3. The equal protection guarantee of our constitution, however, was intended only as a restatement of the federal equal protection clause. State v. Barton, 315 So.2d 289 (La. 1975).
Generally, the guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated. Succession of Robins, 349 So.2d 276 (La. 1977). Where, as here, there is no involvement of a "suspect classification" or "fundamental right,"[3] traditional equal protection analysis sustains a classification if it is *1387 not arbitrary and bears a rational relationship to a legitimate state interest. Everett v. Goldman, 359 So.2d 1256 (La.1978); Succession of Robins, supra; State v. Everfield, 342 So.2d 648 (La.1977). The legislature has a wide scope of discretion in enacting laws which affect some groups of citizens differently from others. The constitutional safeguard of equal protection is offended only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).
The classification established by La.R.S. 9:2772 affects alike all persons and interests similarly situated. Clearly, the classification is not arbitrary; rather, it is founded on reasonable grounds of distinction. We are satisfied that this classification bears a rational relationship to a legitimate state interest. Absent the statute now before us, architects and contractors would remain potentially liable for past-construction projects indefinitely. It is particularly within the scope of the legislature to adjust time periods affecting the imposition of liability for past acts.
In sum, La.R.S. 9:2772 does not offend the equal protection guarantee of either the state or federal constitutions.
Plaintiff contends that the effect of La.R.S. 9:2772 is to pre-empt her cause of action against Fromherz before such cause of action has arisen and thus violates the due process guarantees of both the federal and state constitutions. U.S. Const. amend. XIV; La.Const. art. 1, § 2. She argues that the statute deprives her of an adequate remedy by due process of law for injuries suffered in violation of La. Const. art. 1, § 22.[4] Plaintiff further argues that the statute is contra bonos mores in that it denies her a cause of action before its accrual.
Where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. See Gibbes v. Zimmerman, 290 U.S. 326, 332, 54 S.Ct. 140, 78 L.Ed. 342 (1933); Pritchard v. Norton, 106 U.S. 124, 132,1 S.Ct. 102, 27 L.Ed. 104 (1882). However, where the injury has not yet occurred and the cause of action has not yet vested, the guarantee of due process does not forbid the creation of new causes of action or the abolition of old ones to attain permissible legislative objectives. See Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57, 74 L.Ed. 221 (1929). Our jurisprudence has recognized the validity of legislative regulation of causes of action, including replacement and even abolition, that one person may have against another for personal injuries. See Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971); Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381 (1919); see also Heirs of Fruge v. Blood Services, 506 F.2d 841 (5th Cir. 1975).
In the instant case, plaintiff's cause of action would not have arisen until the death of her husband, which occurred more than fifteen years after the date of registry in the mortgage office of acceptance of the work by the owner. Hence, assuming the applicability of La.R.S. 9:2772 to the facts and parties before us (trial court has not yet decided this because its ruling was based solely on the unconstitutionality of the statute), its effect is to abolish any cause of action plaintiff might have had against Fromherz for wrongful death arising out of any deficiency in the design, planning, inspection, supervision, or observation of construction or the construction of an improvement to immovable property allegedly attributable to Fromherz when such action is brought more than ten years after the date of registry in the mortgage office of acceptance of the work by the owner. The application of La.R.S. 9:2772 herein does not bar plaintiff's cause of action; rather, it prevents what might otherwise be *1388 a cause of action from ever arising. Thus, injury or death occurring after the pre-emptive period established by the statute forms no basis for recovery against those whom the statute protects and a cause of action never vests. The harm that has been done (allegedly attributable to Fromherz) is damnum absque injuriaa loss which does not give rise to an action for damages against the person causing it.
Accordingly, La.R.S. 9:2772 does not violate the due process guarantees of either the state or federal constitutions, or a person's right of access to the courts protected by La.Const. art. 1, § 22.
It is fundamental that a statutory enactment of the legislature is presumed to be constitutional. State v. Everfield, supra. This presumption continues until the party challenging the act's constitutionality establishes that it contravenes some provision of the state or federal constitution. Everett v. Goldman, supra. We have reviewed the contentions urged by plaintiff in her attack upon the provisions of La.R.S. 9:2772 and find the statute constitutional under both the state and federal constitutions.

DECREE
For the reasons assigned, the ruling of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. Fromherz Engineers, Inc.'s appeal (No. 62,809) is dismissed.
DENNIS, J., concurs, but disagrees with the flat statement that the state constitution provides no greater protection against discriminatory laws or other state action than the Fourteenth Amendment.

APPENDIX TO OPINION
1. La.R.S. 9:2772 provides:
A. No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
(3) If the person furnishing the design and planning does not perform any inspection of the work, more than ten years after he has completed the design and planning with regard to actions against that person.
B. The causes which are pre-empted within the time described above include any action:
(1) For any deficiency in the design, planning, inspection, supervision or observation of construction or in the construction of an improvement to immovable property:
(2) For damage to property, movable or immovable, arising out of any such deficiency;
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees.
This pre-emptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.
C. If such an injury to the property or to the person or if such a wrongful death occurs during the ninth year after the date set forth in Sub-section A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A (even if the wrongful death results thereafter).

*1389 D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.
E. The pre-emptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.
F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.
G. Causes of action which exist prior to July 29, 1964 shall be pre-empted one year from said date or by the applicable pre-emptive period established by this Section, whichever is later. Added Acts 1964, No. 189, § 1.
NOTES
[1] See appendix to the opinion for full content of La.R.S. 9:2772.
[2] 362 So.2d 799 (La. 1978). A case is appealable to this court if a law has been declared unconstitutional. La.Const, art. 5, § 5(D)(1). However, a trial judge's refusal to render summary judgment is not appealable. La.Code Civ.P. art. 968. However, because of our policy of granting review in a case where a law has been found unconstitutional as well as the irreparable harm that would result from the present ruling, if not correct, we granted Fromherz a writ of review. See Everett v. Goldman, 359 So.2d 1256, 1260 n. 1 (La.1978).
[3] Fundamental rights include such rights as free speech, voting, interstate travel and other fundamental liberties. Suspect classifications are those involving such unalterable traits as race, alienage and religion. See Everett v. Goldman, infra.
[4] La.Const. art. 1, § 22 provides:

All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.