649 F.2d 280
 Thomas P. MATHERS; E. Christine Fishbeck; Libertarian Party
of Maryland, Appellees,
v.
Willard A. MORRIS, in his official capacity as State
Administrator of the Election Laws, State Administrative
Board of Election Laws; Theodore N. Clark, in his official
capacity as Chairman of the State Administrative Board of
Election Laws; James W. Johnson, in his official capacity as
Vice-Chairman of the State Administrative Board of Election
Laws; Reginald A. Asplen, in his official capacity as a
member of the State Administrative Board of Election Laws;
Karen Lancaster, in her official capacity as a member of the
State Administrative Board of Election Laws; Sylvia Raphael,
in her official capacity as a member of the State
Administrative Board of Election Laws; State Administrative
Board of Election Laws, Appellants.
Thomas P. MATHERS, et al., Appellants,
v.
Willard A. MORRIS, in his official capacity as State
Administrator of the Election Laws, et al., Appellees.
 Nos. 81-1363, 81-1393.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 6, 1981.
Decided May 6, 1981.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore; Joseph H. Young, District Judge, D.C., 515 F.Supp. 931.
 Alfred L. Scanlan, Jr., Asst. Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen. of Maryland, Baltimore, Md., on brief), for appellants.
 Robert J. Booze, Kensington, Md. (Stuart R. Blatt, Baltimore, Md., on brief), for appellees.
 Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Maryland State Administrator of Election Laws and the State Administrative Board of Election Laws appeal from a decree of the district court granting access to the ballot for the special general election to the United States Congress in the Fifth Congressional District to be held on May 19, 1981, to Thomas P. Mathers, the nominee of the Libertarian Party of Maryland, provided that he satisfied the signature requirements for nomination by petition on or before April 7, 1981. Mathers, a voter who desires to vote for him, and the Libertarian Party of Maryland, cross appeal from the portion of the decree providing that if Mathers is given a place on the ballot his political affiliation as a candidate of the Libertarian Party need not be shown.
 
 
 2
 We have considered the record, the briefs of the parties and the oral argument of their counsel. We agree with the district court for the reasons assigned by it that Mathers must be afforded a place on the ballot since he produced the requisite number of signatures to a nominating petition by April 7, 1981. We further agree for the reasons assigned by the district court that since the Libertarian Party lost its status as a political party because it failed to poll at least 3 percent of the votes cast at the general election of November 1980 and since it has not thereafter reestablished itself as a political party by filing petitions signed by at least 10,000 qualified voters of the state, Mathers' name may not appear on the ballot with a party designation. We affirm on the Memorandum Opinion and Order of the district court. Thomas P. Mathers, et al. v. Willard A. Morris, et al., 515 F.Supp. 931 (D.Md. 1981).
 
 
 3
 AFFIRMED.