423 So.2d 1229 (1982)
Lionel HUTCHINSON
v.
BOARD OF ALDERMAN OF the CITY OF GRETNA.
No. 5-219.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
Rehearing Denied January 17, 1983.
*1230 Martin Regan, New Orleans, Robert E. McDonald, New Orleans, on behalf of plaintiff and appellant Lionel Hutchinson.
Blaine McMahon, Gretna, on behalf of defendant and appellee Board of Alderman of the City of Gretna.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
Plaintiff-appellant, Lionel Hutchinson, appeals from a declaratory judgment upholding the constitutionality of a fireworks ordinance enacted by defendant-appellee, the City of Gretna. He also appeals from a dismissal of his petition to enjoin enforcement of the ordinance.
We affirm. The following facts were stipulated by the parties:
On October 16, 1981, Lionel L. Hutchinson, attempted to apply to the City of Gretna under the provisions of Gretna City Ordinance No. 1563 and other applicable ordinances for a license to sell pyrotechnics, commonly referred to as fireworks during the period of December 15, 1981, through January 1, 1982. On said date he was refused an application by the City of Gretna licensing authority and advised that he did not qualify under the provisions of Section V Paragraph 5 of Gretna City Ordinance 1563 in that he was not issued a 1975 permit for sale of pyrotechnics, nor had he obtained a retail license issued by the City of Gretna prior to 1972 and renewed the same each year thereafter.
The ordinance in question reads as follows:
(5) No application for licenses for possession, sale, offering for sale and use of specified pyrotechnics shall be received unless the applicant has been issued a 1975 permit therefor, or said applicant has a retail license issued by the city prior to 1972 and has renewed said retail license each year thereafter.
Hutchinson alleged in his Petition for Preliminary Injunction and Declaratory Judgment, and amendments thereto, that the statute violates the equal protection and due process clauses of the Louisiana and United States Constitutions, that the city of Gretna lacked authority to enact the ordinance, and that applicable licensing fees under the ordinance are excessive. He urges these same arguments on appeal.
Louisiana Constitution, Art. 1, § 3 guarantees equal protection of the laws to all citizens of the state. The intent of this provision was to restate the equal protection clause of the Fourteenth Amendment to the United States Constitution. Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381, 1386 (La.1978).
Both federal and state courts have long held that where there is no suspect classification or fundamental right involved, a statute is presumed to be constitutional, and the challenger must then show that it does not rationally further some legitimate state interest, or that it discriminates invidiously or is wholly arbitrary. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); Bazley v. Tortorich, 397 So.2d 475 (La.1981).
Here there is neither a suspect classification nor a fundamental right at issue. Hutchinson argues that the ordinance contains a suspect classification as to age in its "grandfather clause", because that clause discriminates against those who were not of age to acquire the requisite 1972 and 1975 licenses. He further argues that the conduct of a business activity is a fundamental right. Neither contention is supported by law.
In City of New Orleans v. Dukes, supra, the court upheld an ordinance which prohibited the vending of food from pushcarts by persons who had not engaged in such business for eight years prior to the law's enactment. Implicit in that decision was a determination that a "grandfather clause" regulating a purely economic activity neither establishes a suspect classification *1231 based on age, nor trammels on a fundamental right. We see no distinction in the present case which would permit us to conclude otherwise.
Our next inquiry is, therefore, whether the statute rationally furthers a legitimate state interest. The interest identified by the city and accepted by the district court was that the proliferation of fireworks outlets would create an unmanageable increase in the work load of its police department. Clearly such an interest is legitimate, and the ordinance is rationally related to preventing this articulated evil. We must, therefore, presume its constitutionality. Absent any rebuttal evidence in the record which shows that the ordinance invidously discriminates or is wholly arbitrary, we conclude that it does not violate the equal protection clauses of either the Louisiana or United States Constitutions.
As in the equal protection area, attacks on a purely economic regulation alleging a violation of due process are judged according to whether the regulation is reasonable in relation to protecting or promoting the general welfare. West Coast Hotel, Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937); Bazley v. Tortorich, 397 So.2d 475 (La.1981); City of Shreveport v. Curry, 357 So.2d 1078 (La. 1978).
The ordinance in question here seeks to prevent the proliferation of fire-works outlets because such operations would impose unacceptable burdens on the police department in regulating such businesses. We conclude that the regulation is reasonable to attain this legitimate end and protects the public welfare, and therefore that it does not violate the due process protections of either Louisiana Constitution Art. 1 § 2, or the Fifth and Fourteenth Amendments of the United States Constitution.
Hutchinson also contends that the city lacks authority to regulate the sale of fireworks. He is mistaken. La.R.S. 51:660 specifically grants such authority to local governing bodies.
Neither does the ordinance violate La.R.S. 51:123 as alleged by appellant. That statute prohibits citizens from engaging in monopolistic practices. It does not act as a limitation on municipal police powers to enact ordinances governing economic activities.
The final issue raised here is whether the ordinance imposes excessive fees for licenses to sell fireworks. Because Hutchinson was properly denied a license, he had no standing to challenge the amount of the fees he would have had to pay for such a license. As the district court ruled that this question was moot, and therefore did not decide that issue, there is no issue on the merits of appellant's contention which is properly before this court.
For the foregoing reasons, we affirm the judgment of the district court.
AFFIRMED.