DOUCET, Judge.
The defendant, a resident of Youngsville, Louisiana, was charged by a Grand Jury indictment with intentionally avoiding payment for telecommunications services, rendered by Entertainment Broadcasting Corporation through their multipoint distribution system,[1] in violation of LSA-R.S. 14:221. Also the defendant was charged, in a second count, with intentionally selling, giving or transferring a device which can be used for the commission of a crime in violation of LSA-R.S. 14:67, R.S. 14:67.3 and R.S. 14:222.
The defendant entered pleas of not guilty and filed a motion to quash on the ground the statutes, R.S. 14:221 and 14:222, were unconstitutional as they violated equal protection- and due process rights protected by the federal and state constitutions. After a hearing the trial court ruled the statutes constitutional. After reserving the right to apply for writs on the constitutionality question, the defendant entered pleas of guilty to the counts, waived delays and was sentenced to a three month jail term to be suspended upon the payment of a $250.00 fine and court costs. The defendant was ordered to tender the device in question to the District Attorney or his designee.
This court granted defendant’s writ of review for the purpose of allowing briefs to be filed and arguments to be made on this constitutional question.
FACTS
At the hearing on the motion to quash, Keith Townsdin, a television engineer, was called to testify as to the television distribution systems that were germane to this case. The television station where Towns-din is employed receives a television program known as Home Box Office from a satellite. A transmitter, owned by the station, is leased to Entertainment Broadcasting Corporation (E.B.C.), the operator of the multipoint distribution service. E.B.C. then distributes the broadcast to its customers in Lafayette Parish through its multi-point or microwave distribution system (M.D.S.). For the customer to receive H.B.O. through the M.D.S., a special antenna and converter is necessary. These are sold to the customer by E.B.C. and the customer is charged a monthly fee for the services of E.B.C. The avoidance of the payment of the fee by a customer who receives H.B.O. through E.B.C.’s system is *592 subject to the penalties set forth in the statutes in question.
Another method by which a person can receive the H.B.O. programs is by means of a large satellite dish (earth station) equipped with the proper converters. This equipment would pick up the H.B.O. signal directly from the H.B.O. satellite and transfer it into the person's television set for viewing. The owner of the earth station can receive the H.B.O. program without any charge.
The statute in question, LSA-R.S. 14:221(0), specifically exempts the use of satellite dishes or earth station receivers from its provisions. The statute provides as follows:
“Nothing herein shall prohibit the use of earth station receivers to receive satellite communications.”
ISSUE
The defendant contends that the statutes, which seek to prevent avoidance of payment of pay television services such as E.B.C., make an irrational exclusion by allowing an exemption for the users of earth station receivers and not allowing the defendant to receive a multi-point signal transmitted by E.B.C. Defendant insists that the statute discriminates against persons who could not afford to own a satellite dish antenna to receive the H.B.O. signal directly from the satellite. This is the basis for defendant’s position that the statute violates the equal protection clause of the constitution.
EQUAL PROTECTION[2]
The Louisiana Supreme Court set forth the basic framework of analysis for an equal protection claim in the case of Bazley v. Tortorich, 397 So.2d 475, 483 (La.1981), where it stated as follows:
“The basic framework of analysis of such a claim is well settled. We must decide, first, whether the legislation operates to the disadvantage of some suspect class or impinges on a fundamental right explicitly or implicitly protected by the constitution, thereby requiring strict judicial scrutiny. If not, the legislative scheme must still be examined to determine whether it rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious discrimination. Maher v. Roe, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977); San Antonio School District v. Rodriguiz, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381, 1387-88 (La.1978); Everett v. Goldman, 359 So.2d 1256 (La.1978); Succession of Robins, 349 So.2d 276 (La.1977).”
The facts reveal that the defendant is not a member of a “suspect class” of persons. Suspect classes are those involving race, alienage or religion. Chabert v. Louisiana High School Athletic Ass’n, 323 So.2d 774 (La.1975). The statute in question does not classify the defendant on such a basis.
Further the statute does not limit the exercise of a fundamental right. Fundamental constitutional rights are such rights as freedom of expression and association, the right to vote and participate in the electoral process, right to interstate travel, fairness in the criminal process, fairness in procedure concerning governmental deprivation of life, liberty and property, and right to privacy. Bazley v. Tortorich, supra. The right which defendant seeks to exercise is not within the rights set forth above.
“The guiding principle of equal protection is that all persons similarly situated shall be treated alike.” Babineaux v. Judiciary Commission, 341 So.2d 396 (La.1976). Those persons who elect to use multi-point or microwave antennae are not similarly situated to those who use satellite dish antennae. These two receiving antennae are completely different. The satellite disk cannot receive microwave trans *593 mission and the multi-point antennae cannot receive satellite transmissions. The frequencies of each are much different. The defendant is not similarly situated to those who elect to use a satellite antenna.
The statutes have a rational state purpose. The purpose of LSA-R.S. 14:221 and 14:222 is the prevention of avoidance of payment for cable television service or mul-ti-point telecommunication distribution service. The statutes are a rational way to protect Louisiana cable businesses, which either relay a signal through ground cable or by microwave transmission, from the unauthorized interception by the use of various devices. Furthermore, the particular subsection of the statute which exempts earth station receivers (satellite antennae) is reasonable because Louisiana cable operators, the class to be protected by the statute, have nothing to do with the signal which is received directly from the satellites on a frequency band open to the public. As a result, an owner of a satellite dish antenna who receives a signal directly from the satellite is not intercepting any signal transmitted by a cable television service in Louisiana.
We conclude that the statutes in question are constitutional. They do not operate to the disadvantage of a “suspect class” nor do they impinge on any fundamental rights of the defendant. Also, the legislative scheme rationally furthers a legitimate, articulated state purpose and therefore does not constitute an invidious discrimination.
For these reasons the writ is denied and the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. This system is also referred to as a microwave distribution system.

. The argument of defendant in support of the application pursues the equal protection argument. She does not press the issue of due process. The defendant did not file a separate brief.