Dear Senator Fontenot:
In your recent letter to this office you advise that a city in your district is going to annex land which currently includes a seasonal fireworks business. An existing city ordinance prohibits the operation of this type of business within city limits. The question arises: can this seasonal business continue to operate at its present location after annexation into city limits?
The applicable state law dictates that our response to your specific question is in the negative. The legislature has delegated authority to prohibit the sale of fireworks to the governing body of the parish or the municipality pursuant to R.S. 51:660, which provides:
 § 660. Local governing authorities; regulation or prohibition of sale, use, and possession of pyrotechnics or fireworks.
 The governing authority of a parish or municipality is hereby authorized to regulate or prohibit the sale, use, and possession of pyrotechnics commonly known as fireworks in conformity with the provisions of this Part.
The legislature amended R.S. 51:660 in 1984 to authorize the governing authorities of all parishes and municipalities to regulate and prohibit the sale of fireworks. See Act 981 of the 1984 Regular Legislative Session. Further, this office has previously recognized the foregoing as the correct interpretation of current state law. See Attorney General Opinion 88-518, a copy of which is enclosed.
Thus, a fireworks business that now falls within municipal limits because of recent annexation is nonetheless subject to the city ordinance prohibiting the sale of fireworks.
We hope the foregoing is helpful to you. Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 88-518
47-A Firearms Fireworks
Local governing authorities are authorized to prohibit the sale of fireworks. LSA-R.S. 51:660; R.S. 51:651.1 R.S. 51:652.
Mr. Arthur G. Thompson Clerk of Council City of Shreveport Post Office Box 31109 Shreveport, Louisiana 71130
Dear Mr. Thompson:
You have requested an opinion as to whether the City of Shreveport has the authority to prohibit the sale and use of all fireworks in the city, except fireworks for public displays?
The city of Shreveport does have such authority to regulate and to prohibit the sale, use, and possession of fireworks, as provided in LSA-R.S. 51:660.
This authority to regulate the sale of fireworks was recognized in Hutchinson vs. Board of Alderman, 423 So.2d 1229 (La.App. 5 Cir. 1982), where it held that the City of Gretna had the authority to regulate the sale of fireworks by requiring the potential seller to first obtain a permit and license. The court stated that LSA-R.S. 51:660 granted the city such authority.
When the court decided Ozone Import Company vs. Millet, 329 So.2d 477
(La.App. 4 Cir. 1976), LSA-R.S. 51:660 was not in existence; thus, the court correctly determined that the parish ordinance prohibiting the sale of fireworks was invalid since it was preempted by state law allowing the sale of fireworks, namely LSA-R.S. 51:652.
However, the legislature in 1981, added LSA-R.S. 51:660 by Acts 1981, No. 98 which gave certain parishes the authority to regulate and to prohibit the sale of fireworks. Then, the legislature in 1984, amended LSA-R.S. 51:660 by Acts 1984, No. 981, which now authorizes the governing authorities of all parishes and municipalities to regulate and prohibit the sale of fireworks.
As a result of the 1981 and 1984 legislation subsequent to the Ozone
case, a parish or municipal ordinance prohibiting the sale of fireworks would not be preempted by state law, nor would it be in conflict with state law. Rather, the legislature has delegated this authority to the governing body of the parish or municipality. To conclude otherwise, would mean that LSA-R.S. 51:660 has no effect.
The language of LSA-R.S. 51:660 stating in conformity with the provisions of this Part means that the governing authority cannot deregulate in such a way that conflicts with state law. For example, the ordinance could not allow the sale of cherry bombs because it would not be "in conformity with the provisions of LSA-R.S. 51:651.1 B.
Thus, as a result of the subsequent legislation to the Ozone case, the governing bodies of parishes and municipalities, including the City of Shreveport, are authorized to prohibit the sale of fireworks. Furthermore, such an ordinance would not be in contravention to state law.
We trust that this reply has adequately answered your opinion request.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: ___________________________ HENRY A. BARHAM, III Assistant Attorney General
HAB/lbw