*927 KUHN, J.,
dissenting.
|]The majority errs in broadly interpreting the peremption exception contained in La. R.S. 9:2772. It is well settled that preemptive statutes are strictly construed against peremption and in favor of upholding the claim that is alleged to be extinguished. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement, should be adopted. Albach v. Kennedy, 00-0636, p. 9 (La.App. 1st Cir.8/6/01), 801 So.2d 476, 482, writ denied, 01-2499 (La.10/12/01), 799 So.2d 1138.
Here, the parties do not contest that the “I” beams that were used in the construction of the warehouse were fabricated by The Metal Depot and that The Metal Depot was doing business as Unique Systems. While Unique Systems designed and constructed the building in question, The Metal Depot fabricated the steel component parts for the building. Southern has alleged and supported its position that the warehouse collapse was caused by the buckling of the main “I” beam. The Metal Depot was sued in its capacity as the manufacturer of the “I” beam. Southern has not alleged that The Metal Depot is at fault for any actions or inactions in its capacity as a contractor.
The Louisiana Products Liability Act, La. R.S. 9:2800.51 et. seq., sets forth the “exclusive theories of liability for manufacturers for damage caused by their products.” La. R.S. 9:2800.52. Southern’s cause of action against The Metal Depot for its alleged liability for fabricating the defective “I” beam is not |2perempted under the terms of La. R.S. 9:2772, because such peremption applies only to a person or entity that performs the activities specified therein. Although any claims by Southern against The Metal Depot for the “design” or “construction” of the building would be preempted, the statute does not extend this peremption to those who manufacture defective products. See Burmaster v. Gravity Drainage Dist., 366 So.2d 1381, 1386 (La.1978). La. R.S. 9:2772 does not expressly apply to manufacturers of component parts of immovable property, and the LPLA does not include a similar preemptive period. Whether an entity is protected by La. R.S. 9:2772 should depend on the nature of the action brought, i.e. whether it is an action seeking recovery for a construction/design defect in a building or an action seeking recovery for the defective manufacturing of a component part of the building. The Metal Depot should not be afforded the protection of this peremptive period based simply on the fact that it acted in the capacity of a contractor as well as a manufacturer.