CHESWOLD VOLUNTEER FIRE COMPANY, a Delaware corporation, Plaintiff Below, Appellant,

v.

LAMBERTSON CONSTRUCTION COMPANY, a Delaware corporation, and C.C. Oliphant & Son, Inc., a Delaware corporation, Defendants Below, Appellees.

Supreme Court of Delaware.
Submitted: Nov. 7, 1983.
Decided: Nov. 16, 1984.
Opinion on Denial of Partial
Reargument Submitted: Jan. 15, 1985.
Decided: Feb. 15, 1985.

Myron T. Steele and John Williams (argued), Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellant.

George F. Gardner, III, Morris, Nichols, Arsht & Tunnell, Dover, for appellee Lambertson.

James F. Waehler, Tunnell & Raysor, Georgetown, for appellee Oliphant.

Before HERRMANN, C.J., and McNEILLY and MOORE, JJ.

HERRMANN, Chief Justice:

This appeal raises the issue of the constitutionality of 10 *Del.C.* § 8127,[1] a "statute of repose," which provides generally that, after the expiration of six years, no cause of action shall arise for damages resulting from deficiencies in the construction of an improvement to real property. The Statute affords protection to those performing or furnishing construction of such improvement as well as those performing or furnishing any design, plan, supervision, or observation of such improvement. It does not protect suppliers who do not perform or furnish construction, *Becker v. Hamada, Inc.*, Del.Supr., 455 A.2d 353 (1982), or persons "in actual possession or actual control, as owner, tenant, or otherwise...." 10 *Del.C.* § 8127(d).

The plaintiff, Cheswold Volunteer Fire Company ("the Fire Company") appeals from the Superior Court's dismissal of its complaint against the defendants, Lambertson Construction Company ("Lambertson") and C.C. Oliphant & Son, Inc. ("Oliphant"), as being barred by the six-year time limitation of § 8127. In so doing, the Superior Court held the Statute constitutional, rejecting the plaintiff's contentions to the contrary. *See Cheswold Volunteer Fire Co. v. Lambertson Construction Co., et al,* Del.Super., 462 A.2d 416 (1983). We affirm.

I

The facts may be briefly summarized:

In 1971, the Fire Company contracted with Lambertson to construct a firehouse in Cheswold. Lambertson, as general contractor of the project, entered into a subcontract with Oliphant to build the firehouse roof. Construction was completed in 1972. In 1979, the roof developed serious defects. The Fire Company promptly notified Oliphant and the roofing materials supplier, Bird & Son, Inc. In March, 1980, after several unsuccessful attempts to repair the damage, Lambertson notified the Fire Company that neither it nor Oliphant would assume responsibility for the defects. The roof was subsequently replaced by the Fire Company at a cost of $43,150.

In January, 1982, the Fire Company filed suit for damages against Lambertson, Oliphant, and Bird & Son.[2] The Fire Company alleged that the defendants failed to issue a 20-year guarantee for roofing materials, although obligated to do so; failed to issue a bond in an appropriate amount; negligently and deficiently constructed the firehouse roof; breached an implied warranty of habitability; and breached an implied warranty of fitness for a particular purpose.

Lambertson moved to dismiss the complaint on the ground that, under § 8127, such a course of action exists only during the first six years following the completion of the improvement; and, therefore, the complaint does not state a cause of action

---

1. For the pertinent text of § 8127, see opinion below at 462 A.2d 416, 417–18.

2. The suit against Bird & Son was voluntarily dismissed for defect in service.

and should be dismissed. Upon the vacation of a default judgment entered against it for failure to file a timely responsive pleading, Oliphant joined Lambertson in moving to dismiss the Fire Company's complaint.

In response to the motion to dismiss, the Fire Company contended that § 8127 violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Federal Constitution, and offends the Remedy for Injury Clause of the Delaware Constitution, Article I, § 9.[3]

The opinion of the Superior Court dismissing the complaint, 462 A.2d 416, is extensive and scholarly. It appears therefrom that the arguments and authorities presented by the plaintiff below were almost identical to those presented on this appeal. They were addressed fully and completely in the Superior Court opinion. We are in agreement with the conclusions and generally in accord with the rationale set forth therein. For that reason, we find no useful purpose to be served by a lengthy discourse here covering the same ground. Accordingly, in the interest of brevity, we make frequent reference to the Superior Court opinion,[4] but avoid unnecessary repetition. In affirming the judgment of the Superior Court, and in addressing the issues in the light of its full and complete opinion, we think it sufficient to supplement the opinion below briefly.

## II

### A. *As to Due Process Guarantees:*

The plaintiff contends that § 8127 lacks a proper public purpose.

3. That Clause provides:
 "... every man for an injury done him in his reputation, person, movable or immovable possession shall have remedy by the due course of law...."

4. For the pertinent text of § 8127, see 462 A.2d at 417–18, n. 1, and at 419, n. 4; for the text of the Fourteenth Amendment and *Del.Const.,* Art. I, § 9, see 462 A.2d at 419, n. 3; for extensive compilation and classification of cases dealing

When reviewing economic legislation, the due process guarantee of the Fourteenth Amendment requires that the statute bear a reasonable relation to a permissible legislative objective. *Hoffman Estates v. Flipside Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 *reh'g denied,* 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476 (1982); *Ferguson v. Skrupa,* 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963). We apply this standard to the analogous provision of the Delaware Constitution, Art. I, § 9.[5]

As has been noted, § 8127 eliminates a cause of action, after six years from substantial completion of construction, regardless of whether an action has accrued. The Statute, like similar ones in 46 other states and the District of Columbia, was enacted in response to changes in the common law which greatly increased the liability of builders and architects. Case law abolished the rule which terminated the liability of builders and architects upon completion and acceptance of the structure, absent privity with the owner. "Since an ordinary statute of limitations did not begin to run until either the date of the injury or its discovery, those involved in construction were subject to possible liability throughout their professional lives and into retirement. At the urging of those involved in the construction industry, the Legislature placed an absolute outer limit on the duration of this liability." *Klein v. Catalano,* Mass.Supr.Jud.Ct., 386 Mass. 701, 437 N.E.2d 514, 520 (1982); *Becker v. Hamada, Inc.,* 455 A.2d at 355; *Cudahy v. Ragnar Benson, Inc.,* D.Colo., 514 F.Supp. 1212, 1217 (1981); *O'Brien v. Hazelet & Erdal,* Mich.Supr., 410 Mich. 1, 299 N.W.2d 336,

with the constitutionality of statutes similar to § 8127, see 462 A.2d at 420, 421, n. 7; for background discussion, see 462 A.2d at 419, 420; for standards of review, see 462 A.2d at 421.

5. The terms "due course of law" and "law of the land" in *Del.Const.* Art. I, § 9 are analogous to the term "due process of law" in the Fourteenth Amendment. *Opinion of the Justices,* Del.Supr., 246 A.2d 90 (1968).

340 (1980); *Rosenberg v. Town of North Bergen,* N.J.Supr., 61 N.J. 190, 293 A.2d 662, 664 (1972); *See* Collins, "Limitation of Action Statutes for Architects and Builders—an Examination of Constitutionality," 29 Fed'n Ins. Couns. Q. 41, 41–46 (1978); Note, "Architectural Malpractice: A Contract Based Approach," 92 Harv.L.Rev. 1075, 1081 (1979); "Limitation of Action Statutes for Architects and Builders—Blueprints for Non-action," 18 Cath.U.L.Rev. 361 (1969).

As the Superior Court stated, limiting the duration of liability is a well recognized and legitimate public purpose. 462 A.2d at 424. Such limitation erases unasserted, ancient claims and decreases those instances in which a defendant must respond to assertions "when evidence has been lost, memories have faded, and witnesses have disappeared." "Developments in the law: Statutes of Limitation," 63 Harv.L.Rev. 1177, 1185 (1950). *See Keller v. President, Directors and Company of Farmers Bank of the State of Delaware,* Del.Super., 24 A.2d 539 (1942); *Klein v. Catalano,* at 520; *Rosenberg v. North Bergen,* at 667–668. "[T]hose engaged in the design and construction of real property may have to mount a defense when '[a]rchitectural plans may have been discarded, copies of building codes in force at the time of construction may no longer be in existence, persons individually involved in the construction project may be deceased or may not be located.'" *Klein v. Catalano, supra,* at 520, citing *Howell v. Burk,* N.Mex.Ct.App., 90 N.M. 688, 568 P.2d 214 (1977). In enacting § 8127, the General Assembly has balanced the injured party's right to a remedy with the perceived need to limit builder and architect liability. The General Assembly could have reasonably concluded that six years would allow sufficient time for meritorious claims to accrue. *See O'Brien v. Hazelet & Erdal, supra; Klein v. Catalano,* at 521.[6] Accordingly, we agree with the Superior Court and hold

that § 8127 bears a reasonable relation to a permissible legislative objective; that, therefore, the Statute does not violate the due process guarantees of either the Federal or State Constitution in this regard.

\* \* \* \* \* \*

The plaintiff also contends that § 8127 violates the Due Process Clause of the Fourteenth Amendment and the Due Process and Remedy for Injury Clauses of *Del.Const.,* Art. I, § 9, arguing that the Statute divests an injured party of a right of action afforded him at common law; that without providing a substitute remedy for damages sustained, it extinguishes a right of action after six years from the substantial completion of construction, regardless of whether the action has accrued.

As has been stated in the opinion below, neither the Federal nor the State Constitution forbids legislative abolition of a common law cause of action to attain a permissible legislative objective. *Silver v. Silver,* 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221 (1929); *Bailey v. Pennington,* Del.Supr., 406 A.2d 44, 47 (1979), *appeal dismissed,* 444 U.S. 1061, 100 S.Ct. 1000, 62 L.Ed.2d 744 (1980); *Gallegher v. Davis,* Del.Super., 183 A. 620 (1936). Finding, as we do, that § 8127 is rationally related to a permissible governmental objective, we agree with the Superior Court and hold that the Statute does not violate Federal or State due process guarantees in this regard.

As to the Remedy for Injury Clause, too, we agree with the Superior Court and hold that § 8127 does not offend the State Constitution:

> Societal conditions occasionally require the law to change in a way that denies a plaintiff a cause of action available in an earlier day.... This court would encroach upon the Legislature's ability to guide the development of the law if we invalidated legislation simply because the rule enacted by the Legislature rejects

---

**6.** A 1967 study found that 93% of all claims against architects are brought within six years of substantial completion of construction. Collins, *supra,* at 47–48 & n. 29.

some cause of action currently preferred by the courts. To do so would be to place certain rules of the 'common law' and certain non-constitutional decisions of the courts above all change except by constitutional amendment. Such a result would offend our notion of the checks and balances between the various branches of government, and the flexibility required for the healthy growth of the law.

*Klein v. Catalano*, 437 N.E.2d at 522, quoting *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 280–281, 382 A.2d 715 (1978).

■ While the Legislature remains free to limit or expunge common law rights, we are mindful that this power must be exercised in conformity with the dictates of due process. We are mindful, too, that the Legislature may not arbitrarily extinguish a right of action which redresses essential rights of person or property. *Gallegher v. Davis*, 183 A. at 624. Thus, while no one has a vested interest in a rule of the common law, due process preserves a right of action which has accrued or vested before the effective date of the statute. *See Cheswold v. Lambertson*, 462 A.2d at 422; *Reeves v. Ille Electric Co.*, Mont.Supr., 170 Mont. 104, 551 P.2d 647 (1976). However, in the instant case, the Superior Court correctly found that such vested or accrued right is not at issue. The construction of the plaintiff's building was completed in 1972; the effective date of § 8127 was 1970.

Accordingly, we agree with the Superior Court and hold that § 8127 does not violate the Remedy for Injury Clause of the Delaware Constitution or related constitutional due process guarantees.

B. *As to Equal Protection Guarantees:*

The Fire Company contends § 8127 violates the Equal Protection Clause in that there is no rational relationship between the explicit purpose of the Statute and the exclusion from its protection of other classifications such as owners and tenants of

the improvement and suppliers who do not perform or furnish construction. *See* 10 *Del.C.* § 8127(d) at 462 A.2d at 420, n. 6; *Becker v. Hamada, supra.*

■ The Equal Protection Clause requires that, in the absence of a suspect classification or fundamental right, legislative classification must bear a rational relationship to a legitimate state purpose. *Zobel v. Williams*, 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1982). Although a state legislature has broad discretion in enacting laws which affect some groups of citizens differently from others, *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), such classification is prohibited when it arbitrarily or irrationally discriminates among similarly situated persons. *Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); *Railway Express Agency, Inc. v. New York*, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949). It is well settled, however, that in the area of socioeconomic legislation, "rational distinctions may be made with substantially less than mathematical exactitude. Legislatures may implement their program step by step, ..., it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment." *New Orleans v. Dukes*, 427 U.S. 297, 303–4, 96 S.Ct. 2513, 2516–7, 49 L.Ed.2d 511 (1976). When reviewing economic legislation, we do not sit "as a super-legislature to judge the wisdom or desireability of legislative policy determinations...." *Id.*

■ For a number of reasons, "the Legislature could have rationally concluded that it was proper to place different time limits on the liability of builders from those placed on persons in possession or control as owner, tenant or otherwise." *Klein v. Catalano, supra*, at 524. The Supreme Court of Louisiana explained that, after the owner accepts the work:

there exists the possibility of neglect, abuse, poor maintenance, mishandling,

improper modification, or unskilled repair of an improvement to immovable property by the owner, lessor or tenant. It is difficult for the architect or contractor to guard against such occurrences because, after the acceptance by the owner, the architect or contractor ordinarily neither has control of the improvement nor the right to enter or inspect the improvement.

*Burmaster v. Gravity Drainage Dist. No. 2 of the Parish of St. Charles,* La.Supr., 366 So.2d 1381, 1385 (1978).

In addition, the Legislature could rationally have concluded that the limitations on liability should be different for builders and materialmen because the conditions under which they work are sufficiently different. *Klein v. Catalano, supra,* at 524. As the *Burmaster* Court noted:

Suppliers and manufacturers who typically supply and produce components in large quantities, make standard goods and develop standard processes. They can thus maintain high quality control standards in the controlled environment of the factory. On the other hand, the architect or contractor can pre-test and standardize construction designs and plans only in a limited fashion. In addition, the inspection, supervision and observation of construction by architects and contractors involves individual expertise not susceptible of the quality control standards of the factory.

*Burmaster, supra,* at 1386.

Moreover, the Legislature could have reasonably determined that architects, engineers and other design professionals need special limitations on liability in order to stimulate the experimentation with new techniques and materials that is often not unaccompanied by increased risk. *Klein v. Catalano, supra,* at 524.

\* \* \*

For the above reasons and the reasons stated in the opinion below, 462 A.2d at 424–426, we agree with the conclusions and rationale of the Superior Court upon this facet of the case, and hold that § 8127 does not offend the Equal Protection Clause of the Fourteenth Amendment.

C. *As to the Plaintiff's Authorities:*

In support of its Constitutional arguments, the plaintiff places main reliance upon the following cases: *Phillips v. ABC Builders, Inc.,* Wyo.Supr., 611 P.2d 821 (1980); *Skinner v. Anderson,* Ill.Supr., 38 Ill.2d 455, 231 N.E.2d 588 (1967); *Saylor v. Hall,* Ky.App., 497 S.W.2d 218 (1973); *Fujioka v. Kam,* Hawaii Supr., 55 Hawaii 7, 514 P.2d 568 (1973); *Kallas Millwork Corp. v. Square D,* Wisc.Supr., 66 Wis.2d 382, 225 N.W.2d 454 (1975); *Broome v. Truluck,* S.C.Supr., 270 S.C. 227, 241 S.E.2d 739 (1978); *Loyal Order of Moose Lodge 1785 v. Cavaness,* Okla.Supr., 563 P.2d 143 (1977); and *Heath et al v. Sears Roebuck & Co.,* N.H.Supr., 123 N.H. 512, 464 A.2d 288 (1983).

We have given due consideration to the authorities relied upon by the plaintiff, as did the Superior Court. The plaintiff concedes that the above authorities represent the minority view prevailing in comparatively few jurisdictions. Like the Superior Court, 462 A.2d at 425, we adopt the majority rule, exemplified by the recent decision of the Supreme Judicial Court of Massachusetts in *Klein v. Catalano, supra,* as to the constitutionality of 10 *Del.C.* § 8127 under both Federal and State Constitutions.

### III

■ Finally, the Fire Company argues that whether or not § 8127 is constitutional, this Court should apply a time-of-discovery-of-the-injury rule to actions governed by § 8127 or other applicable statutes of limitation.[7] Having found § 8127

---

**7.** § 8127(c) provides:

Nothing in this section shall extend or lengthen, nor shall anything in this section be con-

strued or interpreted as extending or lengthening, the period otherwise prescribed by the

free of constitutional infirmity, we address only the applicability of a date-of-discovery rule to the six-year limitation period established by § 8127.

■■■ In the opinion below, the Superior Court adequately answered the proposition:

> The limitations period provided for in 10 *Del.C.* § 8127 begins to run at the earliest of several designated dates, irrespective of the date of injury. *See* 10 *Del.C.* § 8127(b)(6). Thus, whether or not the cause of action is discoverable earlier, the passing of the six-year period deprives the injured party of a legal right to redress. 'The harm that has been done is *damnum absque injuria* —a wrong for which the law affords no redress.' *Rosenberg v. Town of North Bergen,* 293 A.2d at 667. Thus, despite the Fire Company's argument to the contrary, it is clear that if this statute is valid the discovery rule cannot be used to create a cause of action for an injury which is discovered after the six-year period. (Footnote omitted)

462 A.2d at 419. *See also Klein v. Catalano,* 437 N.E.2d at 516.

We have considered the plaintiff's contention that, in this connection, there is no public policy justification for a distinction between construction professionals on the one hand and medical and accounting professionals on the other, citing *Layton v. Allen,* Del.Supr., 246 A.2d 794 (1968) (applying "inherently unknowable" exception in medical malpractice action—since altered by statute); and *Isaacson, Stolper & Co. v. Artisan's Savings Bank,* Del.Supr., 330 A.2d 130 (1974) (applying date-of-discovery rule in action alleging accounting malpractice). Suffice it to say, that both those cases dealt with ordinary Statutes of Limitation and not a Statute of Repose, like § 8127, under which a cause of action may not arise after the expiration of the prescribed period of limitation.

laws of this State for the bringing of any action covered by this section.

## IV

The application of the Statute here under consideration, like others, may cause harsh results on occasion. This case, we believe, constitutes one such occasion. Whether a statute is wise or effective is not, of course, within the province of the courts. *Delaware Solid Waste Authority v. News-Journal Company,* Del.Supr., 480 A.2d 628, 634 (1984). "The wisdom of legislation is not within our realm; only the General Assembly may rectify legislation manifesting itself on hindsight as unwise." *Justice v. Gatchell,* Del.Supr., 325 A.2d 97, 103 (1974). The General Assembly may wish to review 10 *Del.C.* § 8127 in light of the result the Statute dictates in this case.

## V

In view of our conclusion that § 8127 is valid and applicable and bars the cause of action in this case, we find it unnecessary to decide the question of whether it was error for the Superior Court to vacate the default judgment entered against the defendant Oliphant.

\* \* \*

For the foregoing reasons, we uphold 10 *Del.C.* § 8127 against the constitutional attacks here mounted against it and find no error in the judgment of the Superior Court dismissing the complaint of the plaintiff.

Affirmed.

### *ON MOTION FOR PARTIAL REARGUMENT*

On motion for partial reargument, the plaintiff urges this Court to reconsider its affirmance of the Superior Court's action in vacating the default judgment entered against defendant Oliphant. The plaintiff argues that 10 *Del.C.* § 8127 is a statute of limitations and that, therefore, any defense relying on that statute must be pleaded affirmatively in a responsive pleading un-

As noted by the Superior Court, § 8127 does not eliminate the need to consult other statutes of limitation. 462 A.2d at 419.

der Superior Court Civil Rule 8(c).[1] The plaintiff contends that, in failing to raise the § 8127 defense prior to entry of the default judgment, Oliphant waived that defense and the Superior Court should not have considered it. We disagree.

 The key question here is whether § 8127 is a statute of limitations, which must be pleaded as an affirmative defense. While § 8127 does limit the time within which an action may be brought, it is not a statute of limitations in the ordinary sense; rather, as we have heretofore emphasized, it is a statute of repose. In referring in the opinion to § 8127 as a "limitations statute," we did not in any way intend to imply, by utilizing that terminology of convenience, that a statute of repose and a statute of limitation are equivalent concepts.

 We elaborate at the risk of repetition: While the running of a statute of limitations will nullify a party's remedy, the running of a statute of repose will extinguish both the remedy and the right. The statute of limitations is therefore a procedural mechanism, which may be waived. On the other hand, the statute of repose is a substantive provision which may not be waived because the time limit expressly qualifies the right which the statute creates. *Lincoln First Bank of Rochester v. Rupert*, N.Y.App.Div., 60 A.D.2d 193, 400 N.Y.S.2d 618, 619 (1977). *See Kline v. J.I. Case Co.*, N.D.Ill., 520 F.Supp. 564 (1981); *Bolick v. American Barmag Corp.*, N.C.Supr., 306 N.C. 364, 293 S.E.2d 415 (1982); *Kahn v. Trans World Airlines, Inc.*, N.Y.App.Div., 82 A.D.2d 696, 443 N.Y. S.2d 79 (1981). The North Carolina Supreme Court explained further:

"Because of their unique manner of limiting actions [statutes of repose] have been referred to as 'hybrid' statutes of limitations having potentially both a substantive and procedural effect. On the one hand, a date of injury is not a factor in computing the running of the time limitation. The statute thus acquires its substantive quality by barring a right of action even before the injury has occurred if the injury occurs subsequent to the prescribed time period. On the other hand, the statute's operation is similar to that of an ordinary statute of limitations as to the events occurring before the expiration of the prescribed time period."

*Bolick v. American Barmag Corp., supra* at 418 (quoting *Smith v. American Radiator & Sanitary Corp.*, N.C.App., 38 N.C. App. 457, 248 S.E.2d 462, 465–466 (1978) *disc. rev. denied*, N.C.Supr., 296 N.C. 586, 254 S.E.2d 33 (1979)). As a statute of repose is not a statute of limitations within the meaning of Superior Court Civil Rule 8(c), it need not be pleaded affirmatively.

 Moreover, because the statute of repose is a substantive provision, it relates to the jurisdiction of the court; hence "any failure to commence the action within the applicable time period extinguishes the right itself and divests the ... court of any subject matter jurisdiction which it might otherwise have." *First Savings & Loan Assoc. v. First Federal Savings & Loan Assoc. of Hawaii*, D. Hawaii, 547 F.Supp. 988, 995 (1982). Accordingly, as a matter of jurisdiction, the bar of § 8127 may not be waived and may be raised at any time during the proceedings. *Maxwell v. Vetter*, Del.Supr., 311 A.2d 864 (1973).

We note in passing, however, that the defense of § 8127, when known, should be raised promptly as a matter of fair notice under Superior Court Civil Rule 8(b) and 12(b).[2] While a waiver of jurisdiction of

---

1. Super.Ct.Civ.R. 8(c) provides in pertinent part:
 (c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *

2. Super.Ct.Civ.R. 8(b) provides in pertinent part:

the subject matter will not result from the failure to comply with the general duty of fair notice under the Rules,[3] counsel should be mindful of the obligation as a matter of professional responsibility.

\* \* \* \* \* \*

For the foregoing reasons, the plaintiff's Motion for Partial Reargument is DENIED.

(b) Defenses; Form of Denials. A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. \* \* \*

Super.Ct.Civ.R. 12(b) provides in pertinent part:

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter \* \* \*.

A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. \* \* \*

3. Super.Ct.Civ.R. 12(h)(3) provides:

(h) Waiver or Preservation of Certain Defenses.

\* \* \* \* \* \*

(3) Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action.