# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

326 ASSOCIATES, L.P., )
                            )
        Plaintiff, )
                            )
      v. )     C.A. No.: N15C-09-228 ALR
                            )
PROGRESSIVE SERVICES, INC., )
                            )
        Defendant. )

Submitted: February 23, 2016
Decided: March 29, 2016

## MEMORANDUM OPINION

*Upon Consideration of Defendant's Motion for Summary Judgment*
**GRANTED**

R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A., Wilmington, Delaware, Attorney for Plaintiff 326 Associates, L.P.

Colin M. Shalk, Esq., Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware, Attorney for Defendant Progressive Services, Inc.

**ROCANELLI, J.**

**Factual Background**

Plaintiff 326 Associates, L.P. ("326 Associates") owns and operates the New Castle Farmer's Market located at 110 N. DuPont Highway, New Castle, Delaware 19720 ("Farmer's Market"). Defendant Progressive Services, Inc. ("Progressive") is an electrical construction services business that provides electrical services for commercial, industrial, and residential projects. On or about May 22, 2008, Progressive issued a proposal to Builders & Managers, Inc. ("B&M") for electrical work at the Farmer's Market. At some time between May 22, 2008 and July 23, 2008, Progressive and B&M entered into a contract that provided, *inter alia*, that Progressive would extend and connect four existing sets of conductors and add two new sets of conductors to upgrade the electrical equipment at the Farmer's Market ("Contract"). Progressive extended and connected the four existing sets of conductors; however, Progressive failed to install the two new sets of conductors. Nevertheless, Progressive was paid in full for the work no later than July 2009.

On October 20, 2013, a fire started in the Farmer's Market, causing a power outage and destruction of two of the conductors that Progressive installed. 326 Associates hired and paid Shure-Line Electrical to replace the two damaged conductors and to install a new set of conductors. 326 Associates contends that Progressive breached the Contract with B&M by not completing the contracted

electrical work and as a result of this breach, 326 Associates—as an intended beneficiary of the Contract—suffered damages.

## Procedural Background

326 Associates filed its original complaint on September 25, 2015, asserting that Progressive breached the Contact with B&M by failing to install two of the six conductors at the Farmer's Market. On October 16, 2015, 326 Associates filed an amended complaint, specifying that it was an intended beneficiary of the Contract and as a result of Progressive's breach, 326 Associates incurred damages including but not limited to the loss of rent during the power outage, the cost to fix the incomplete work, the cost to supply two new conductors, deprivation of the use and occupancy of the property, as well as other unspecified property damage.

Progressive filed a motion to dismiss on December 7, 2015, arguing that 326 Associates is barred from maintaining an action against Progressive due to a six year statute of repose under 10 *Del. C.* § 8127 ("Section 8127").[1] 326 Associates responded to Progressive's motion to dismiss, asserting that Progressive effectively converted its motion to dismiss into a motion for summary judgment by attaching an affidavit and arguing that the statute of repose has not run because Progressive never completed the work under the Contract. Because the parties' pleadings attached various materials outside of the pleadings, the Court converted

---

[1] *See* 10 *Del. C.* § 8127(b)(6).

Progressive's motion to dismiss into a motion for summary judgment by letter dated February 11, 2016.[2]

## Standard of Review

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[4] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[5]

## Discussion

### I. Progressive is covered under Section 8127.

Section 8127 has been described as a statute of repose, preventing a cause of action from arising after six years.[6] Unlike a statute of limitation which is a

---

[2] The Court gave the parties an opportunity to expand the record; however, neither party filed additional submissions. *See* Super. Ct. Civ. R. 12(b) ("If, on a motion asserting the defense . . . of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); *see also Furman v. Delaware Dep't of Transp.*, 30 A.3d 771 (Del. 2011).

[3] Super. Ct. Civ. R. 56.

[4] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

[5] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[6] *Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 462 A.2d 416, 419 (Del. Super. 1983) *aff'd*, 489 A.2d 413 (Del. 1984).

procedural bar, a statute of repose is a substantive provision and "any failure to commence the action within the applicable time period extinguishes the right itself and divests the . . . court of any subject matter jurisdiction which it might otherwise have."[7]

Under Section 8127, a party is precluded from maintaining any action to recover damages for alleged deficiencies in the construction of improvements to real property if six years has passed from a list of various events.[8] Specifically, Section 8127 provides that the date on which the statute of repose begins to run is the *earliest* of when payment in full was made or when construction was substantially completed.[9]

Section 8127 affords protection to those performing or furnishing construction of an improvement as well as those performing or furnishing any design, plan, supervision, or observation of such improvement.[10] 326 Associates argues that Progressive did not furnish construction of an improvement as required under Section 8127 because Progressive did not complete the construction under the Contract and, therefore, Progressive is precluded from the protection of the statute of repose. Progressive furnished construction through extending and

---

[7] *Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 489 A.2d 413, 421 (Del. 1984).
[8] *See* 10 *Del. C.* § 8127(b)(6)(a)-(h).
[9] 10 *Del. C.* § 8127(b)(6)(d),(f) (emphasis added). The Court need not address the issue of substantial completion because 326 Associates concedes that it paid Progressive in full in July 2009.
[10] 10 *Del. C.* § 8127(b)(6).

4

connecting four sets of electrical conductors at the Farmer's Market.[11]  Therefore, there is no genuine issue of material fact that Progressive can utilize the protection of the six year statue of repose under Section 8127.

## II.  326 Associates paid Progressive in full no later than July 2009.

Progressive argues that Section 8127 precludes 326 Associates from maintaining its action because 326 Associates did not file its original complaint until more than six years after 326 Associates paid Progressive in full for the completed electrical work.  In response, 326 Associates contends that there are issues of material fact as to whether Progressive completed construction.

Under Section 8127, a party is precluded from maintaining an action if six years have passed from the date when payment in full has been received by the person against whom the action is brought.[12]  326 Associates concedes that it furnished payment in full in July 2009.[13]  Accordingly, 326 Associates had until July 2015 to file its complaint against Progressive.  Accordingly, 326 Associates is barred from maintaining its action against Progressive because 326 Associates

---

[11] *Contra Kirkwood Dodge, Inc. v. Frederic G. Krapf, Jr., Inc.*, 1989 WL 48639, at *3 (Del. Super. May 9, 1989) (denying defendant's motion for summary judgment because defendant merely supplied a product that was incorporated into an electrical system and did not furnish construction within the meaning under Section 8127).

[12] 10 *Del. C.* § 8127(b)(6).

[13] *See* Plaintiff's Response to Defendant's Mot. to Dismiss, Ex. 1, para. 2 (Richard Stat, sole owner and sole officer of B&M, explicitly states: "By oversight, I authorized payment in full in July, 2009. . . .").

waited until September 25, 2015 to file its Complaint – after the statute of repose under Section 8127 had run.

**III.     Progressive is entitled to summary judgment.**

It is undisputed that Progressive extended and connected four electrical conductors as required by the Contract.  It is undisputed that 326 Associates paid Progressive in full for the electrical work no later than July 2009.  Therefore, there is no genuine issue of material fact that Progressive should be afforded the protections of the six year statute of repose under Section 8127.  Accordingly, judgment is entered in favor of Progressive and against 326 Associates.

<u>Conclusion</u>

**NOW, THEREFORE, this 29th day of March, 2016, Defendant Progressive's Motion for Summary Judgment is hereby GRANTED, and JUDGMENT is entered in favor of Defendant Progressive Services, Inc. and against Plaintiff 326 Associates, L.P.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

6