IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK F. CROLL, | § | |
| | § | |
| Petitioner Below, | § | No. 589, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| WARDEN DANA METZGER, | § | C.A. No. N18M-09-157 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: March 29, 2019
Decided: June 5, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Patrick F. Croll, filed this appeal from the Superior Court's dismissal of his petition of a writ of mandamus. Having carefully considered the positions of the parties, we conclude that the Superior Court's judgment should be affirmed.

(2) On September 19, 2018, Croll filed a petition for a writ of mandamus in the Superior Court. He sought a writ of mandamus compelling the Department of Correction to change its policy against making applications for sentence modification under 11 *Del. C.* § 4217 for those convicted of sexual offenses like

himself and to give him the opportunity for sentence modification under § 4217. Warden Metzger filed a motion to dismiss. The Superior Court granted the motion to dismiss. This appeal followed.

(3) On appeal, Croll argues, as he did below, that the Department of Correction will not recommend sentence modification under § 4217 for those convicted of sexual offenses like himself in violation of the Fourteenth Amendment's equal protection clause. Under § 4217, a court may modify an inmate's sentence when the Department of Correction files an application "for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."[1] Warden Metzger argues that the Department of Correction's recommendations for sentence modification under § 4217 are discretionary, Croll did not establish a clear legal right, and there is no equal protection violation.

(4) "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[2] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: (i) he has a clear right to the performance of a duty; (ii) no other adequate remedy is available;

---

[1] 11 *Del. C.* § 4217(b).

[2] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

and (iii) the agency has arbitrarily failed or refused to perform its duty.[3] A writ of mandamus will not issue to compel a discretionary act.[4]

(5) Having reviewed the record in this case in light of the above legal principles, we conclude that the Superior Court did not err in dismissing Croll's petition for a writ of mandamus. As the Superior Court recognized, the Department of Correction does not have a non-discretionary duty to apply for modification of Croll's (or any other inmate's) sentence under § 4217.[5] Croll did not show a clear right to performance of a duty. As to his equal protection argument, Croll has not shown that the Department of Correction lacked a rational basis for treating inmates convicted of sexual offenses differently than inmates who were not convicted of sexual offenses for purposes of § 4217 applications.[6]

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[4] *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 211 (Del. 1975).

[5] *King v. State*, 2015 WL 317128, at *2 (Del. Jan. 23, 2015) ("It is within the discretion of the Department of Correction to apply for modification of an inmate's sentence under Section 4217.").

[6] In the absence of a suspect classification or fundamental right (Croll did not allege either), Croll had the burden of showing a lack of rational justification for the classification. *Cheswold Volunteer Fire Co. v. Lamberston Cost. Co.*, 489 A.2d 413, 418 (Del. 1984) (citing *Zobel v. Williams*, 457 U.S. 55 (1982)). *See also Helman v. State*, 784 A.2d 1058, 1075 (Del. 2001) (holding automatic offense-based assignment of sex offenders to risk assessment tiers did not violate equal protection where the legislature sought to protect the public from the risk of recidivism by sex offenders and could rationally conclude that those convicted of more serious sex crimes posed greater risk to public).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice