**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:     April 5, 2021
Date Submitted:  February 19, 2021

Thomas A. Uebler, Esquire
Hayley M. Lenahan, Esquire
Kerry M. Porter, Esquire
McCollom D'Emilio Smith Uebler, LLC
Little Falls Centre Two
2751 Centerville Road, Suite 401
Wilmington, Delaware 19808

David J. Ferry, Jr., Esquire
Thomas R. Riggs, Esquire
Ferry Joseph, P.A.
824 N. Market Street, Suite 1000
P.O. Box 1351
Wilmington, Delaware 19899

RE:   *Amy Knapp Rumford v. Leslie Gay Knapp Marini, et al.*
      C.A. No. 2018-0563-PWG

Dear Counsel:

Pending before me is a motion in limine in which defendants seek to preclude plaintiff's challenge to the validity of a joint trust established by two co-grantors, and a deed, at trial. They argue those claims are time-barred by 12 *Del. C.* §3546 and laches. First, I find that the motion in limine is dispositive of a substantive legal issue, and in the interest of judicial economy, treat it as a motion for partial summary judgment. I also find that defendants did not waive their

defenses. Next, I recommend the Court deny defendants' motion because plaintiff brought her claim contesting the validity of the joint trust within §3546's time limitation, or within two years of the death of the surviving co-grantor, and laches has not been shown at this juncture. This is a final report.

## I.    Background

Defendants Leslie Gay Knapp Marini ("Marini"), individual and as executrix of the Estate of Halsey G. Knapp and as trustee of Halsey G. and Joan D. Knapp Revocable Trust ("Joint Trust") and G K & G Knapp Family Limited Partnership (together "Defendants") filed a motion in limine ("Motion") on February 10, 2020.[1] Defendants seek to preclude Plaintiff Amy Knapp Rumford ("Rumford"), acting individually and derivatively on behalf of Knapp Investments Limited Partnership ("Knapp Partnership"), from challenging Joan D. Knapp ("Joan")'s execution of the Joint Trust and the Last Will and Testament of Joan D. Knapp ("2014 Will") at trial.[2] They argue that Rumford's claim contesting the validity of Joan's execution of the Joint Trust is time-barred by 12 *Del. C.* §3546 ("§3546") and laches, and any challenge to the 2014 Will, and to the deed ("2014 Deed") transferring property located in Nassau, Delaware ("New Road Tract") to

---

[1] Docket Item ("D.I.") 97.

[2] *Id.*, at 6. I use first names in pursuit of clarity and intend no familiarity or disrespect.

the Joint Trust, is also barred by laches.[3]  Rumford opposes the Motion, asserting

that the Motion is an improper case-dispositive motion; Defendants waived their

time-bar defense; the challenge of the Joint Trust is not time-barred under §3546 or

laches; laches does not bar the challenge to the 2014 Deed; Halsey G. Knapp

("Halsey")'s unclean hands bars Defendants' equitable defenses; and any decision

on the 2014 Will is an advisory opinion.[4]

On April 21, 2014, Joan and Halsey executed the Joint Trust and deeded the

New Road Tract previously held by their individual revocable trusts to the Joint

Trust.[5]  The Joint Trust provided that, after the death of both grantors, 60% of the

New Road Tract would be distributed to Marini, and 40% to Rumford.[6]  Also on

April 21, 2014, Joan executed the 2014 Will.[7]  Joan died on March 3, 2015.[8]  On

December 3, 2015, Halsey executed the First Amendment to the Joint Trust, which

divested Rumford of her interest in the Joint Trust by distributing all of the Joint

Trust property, including the New Road Tract, to Marini, after the co-grantors'

deaths.[9]  Halsey died on December 20, 2017.[10]

---

[3] *Id.*, 6-13; D.I. 106, 6-7.

[4] D.I. 104.

[5] D.I. 81, Exs. F, G.

[6] *Id.*, Ex. F, Art. III (B).

[7] *Id.*, Ex. I.

[8] *Id.*, ¶ 21.

[9] *Id.*, Ex. H.

Rumford filed a complaint on July 30, 2018, and a first amended complaint ("Amended Complaint") on October 31, 2019, in which she claims that Joan lacked capacity to execute the Joint Trust or to transfer the New Road Tract and that Halsey signed Joan's name to the Joint Trust and the 2014 Deed without her authority, so the Joint Trust and the transfer of the New Road Tract to the Joint Trust should be invalidated.[11] In addition, she argues that Joan was unduly influenced by Halsey to execute the Joint Trust.[12]

## II. Analysis

### A. Appropriateness of motion in limine

The first issue is whether the Motion was improperly filed as a motion in limine. A "motion in limine typically concerns the admissibility of evidence and is a preliminary motion directed at establishing the 'ground rules applicable at trial.' In contrast, a 'summary judgment motion is a determination by the court concerning a case or aspect of a case made prior to trial *that obviates the need for trial of the matter.*'"[13] Rumford argues that the Motion should be denied as

---

[10] D.I. 104, at 5.

[11] D.I. 1,¶¶ 76-85; D.I. 81, ¶¶ 77-86. Although not at issue in the Motion, Rumford also seeks to invalidate the assignment of property located at 1102 Bay Avenue, Lewes, Delaware, from the Knapp Partnership to the Joint Trust, and claims that Halsey breached his fiduciary duties to Rumford and to the Knapp Partnership. *See* D.I. 81.

[12] D.I. 81, ¶¶ 84-86.

[13] *Hercules, Inc. v. AIU Ins. Co.* [hereinafter "*Hercules*"]*,* 784 A.2d 481, 500 (Del. 2001) (original emphasis included and citations omitted).

improperly filed as a motion in limine because it is dispositive of a substantive legal issue.[14] Defendants respond that the Motion seeks to preclude certain evidence and, even if the Motion is analyzed as a motion for partial summary judgment, it should be granted since there are no material factual disputes and they are entitled to judgment as a matter of law regarding the issue of whether the Joint Trust or the 2014 Will are time-barred.[15]

If it is determined that the challenges to the validity of Joan's execution of the Joint Trust and the 2014 Deed are time-barred as a matter of law, then Rumford's claims concerning Joan's lack of capacity and undue influence in executing the Joint Trust or the 2014 Deed would not survive. The Motion, if granted, would be dispositive of substantive legal issues concerning Rumford's claims. However, in the interest of judicial economy, I treat it as a motion for partial summary judgment.[16] Under that basis, I deny the Motion because Defendants are not entitled to judgment as a matter of law and genuine issues of material facts are in dispute. My reasoning is discussed below.

---

[14] D.I. 104, at 3-4.

[15] D.I. 106, at 2-3.

[16] In *Hercules*, the motion filed as a motion in limine was determined to be a motion for summary judgment and denied as untimely under the pre-trial order, consistent with Superior Court Civil Rule 16(e). *Hercules,* 784 A.2d at 499-500. Unlike the situation in *Hercules*, the current scheduling order in this case does not restrict the timing for filing dispositive motions and no prejudice has been shown if the legal issues in the Motion are addressed. *See* D.I. 103.

## B. Waiver of time-bar defenses

Rumford argues that Defendants waived their time-bar defenses because, although they generically referred to laches as an affirmative defense, they failed to cite the grounds for the defense, and they failed to assert a defense under §3546.[17] Defendants contend that they properly pleaded laches as an affirmative defense.

Court of Chancery Rule 8(c) provides that, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . laches, . . . statute of limitations . . . and any other matter constituting . . . affirmative defense."[18] And, under Court of Chancery Rule 12(b), '[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading."[19] "[The Delaware] Supreme Court has determined that Superior Court Rules 8(c) and 12(b), which are analogous to Court of Chancery Rules 8(c) and 12(b), 'require a defendant to raise the defense of limitations either in a motion to dismiss or as an affirmative defense in a responsive pleading.'"[20] Defendants pleaded the affirmative defense of laches as a part of its answer to the Amended Complaint but have not pleaded a defense

---

[17] D.I. 104, at 4-5.

[18] Ct. Ch. R. 8(c).

[19] Ct. Ch. R. 12(b).

[20] *Knutkowski v. Cross*, 2011 WL 6820335, at *2 (Del. Ch. Dec. 22, 2011) (citing *Gadow v. Parker*, 865 A.2d 515, 516 (Del. 2005)).

under §3546.[21]  However, §3546 is a statute of repose.[22]  Unlike a statute of

limitations, a statute of repose "is a substantive provision which may not be waived

because the time limit expressly qualifies the right which the statute creates."[23]

Since it is "jurisdictional and may not be waived," it does not need to be pleaded

affirmatively.[24]  Accordingly, I find the time-barred defenses are not waived.

### C. Timeliness of challenges to the Joint Trust and 2014 Deed

Next, I consider Defendants' claim that Rumford's challenge to the validity

of Joan's execution of the Joint Trust is time-barred as a motion for partial

summary judgment.  Under Court of Chancery Rule 56, the court grants a motion

for partial summary judgment when "the moving party demonstrates the absence of

---

[21] D.I. 92, at 31.

[22] *See Matter of Restatement of Declaration of Tr. Creating the Survivor's Tr. Created Under the Ravet Fam. Tr. Dated Feb. 9, 2012*, 2014 WL 2538887, at \*1 (Del. Ch. June 4, 2014), *aff'd sub nom. Ravet v. N. Tr. Co. of Delaware*, 2015 WL 631588 (Del. Feb. 12, 2015).  "Statutes of limitations are designed to encourage plaintiffs to pursue diligent prosecution of known claims. . . .[and] limitations periods being to run when the cause of action accrues – that is, when the plaintiff can file suit and obtain relief." *JPMorgan Chase Bank, N.A. v. Ballard*, 213 A.3d 1211, 1229 (Del. Ch.), *cert. denied,* 214 A.3d 449 (Del. Ch. 2019), and *appeal refused,* 214 A.3d 448 (Del. 2019) (internal quotation marks and citations omitted).  "In contrast, statutes of repose are enacted to give more explicit and certain protection to defendants. These statutes effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *Id.* (internal quotation marks and citations omitted).  Consistent with a statute of repose, §3546 limits the period during which the validity of a revocable trust can be challenged; it is not triggered by the occurrence of an injury. *See* 12 *Del. C.* §3546.

[23] *Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 489 A.2d 413, 421 (Del. 1984), *on reargument* (Feb. 15, 1985).

[24] *Admiral Holding v. Town of Bowers*, 2004 WL 2744581, at \*2 (Del. Super. Oct. 18, 2004); *Cheswold Volunteer Fire Co.*, 489 A.2d at 421.

issues of material fact [related to the claims at issue] and that it is entitled to a judgment as a matter of law."[25] Evidence must be viewed "in the light most favorable to the non-moving party."[26]

Laches is an equitable doctrine "rooted in the maxim that equity aids the vigilant, not those who slumber on their rights."[27] A finding of laches generally requires proof of three factors: the claimant's knowledge of the claim, unreasonable delay in bringing the claim, and resulting prejudice to the defendant.[28] Here, Rumford's equitable claims seek equitable relief, so the doctrine of laches applies and the court considers comparable statutes of limitations at law, which will be "given great weight in deciding whether the claims are barred by laches."[29]

---

[25] *Wagamon v. Dolan*, 2012 WL 1388847, at *2 (Del. Ch. Apr. 20, 2012); *see also Pine River Master Fund Ltd. v. Amur Fin. Co., Inc.*, 2017 WL 4023099, at *6 (Del. Ch. Sept. 13, 2017) (citation omitted); *Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Serv. of Cincinnati, Inc.*, 1996 WL 506906, at *2 (Del. Ch. Sept. 3, 1996), *aff'd*, 692 A.2d 411 (Del. 1997).

[26] *Williams v. Geier*, 671 A.2d 1368, 1389 (Del. 1996) (citations omitted); *see also Pine River Master Fund Ltd.*, 2017 WL 4023099, at *6 (citation omitted).

[27] *Adams v. Jankouskas*, 452 A.2d 148, 157 (Del. 1982); *see also Reid v. Spazio*, 970 A.2d 176, 182 (Del. 2009) (citations omitted); *Kraft v. Wisdom Tree Investments, Inc.*, 145 A.3d 969, 974-75 (Del. Ch. 2016) (citations omitted).

[28] *Whittington v. Dragon Grp., LLC*, 991 A.2d 1, 8 (Del. 2009) (citations omitted).

[29] *Kraft*, 145 A.3d at 978, 983; *see also Whittington*, 991 A.2d at 9; *Adams,* 452 A.2d at 157.

I look to analogous statutes of limitations – in this case, 12 *Del. C.* §3546, a statute of repose.[30] Section 3546 provides, in pertinent part, that a judicial proceeding to contest whether a revocable trust was validly created must be initiated no later than "[t]wo years after the trustor's death."[31] Defendants contend that Rumford's challenge to the Joint Trust's validity is time-barred because Joan died on March 4, 2015 and Rumford filed this action on July 30, 2018 – more than two years after Joan's death.[32] Although Halsey, the other grantor of the Joint Trust, died on December 20, 2017, Defendants argue that Rumford's claims are "confined to <u>Joan's</u> status as trust [emphasis included]," so the timing of her death controls.[33] And, they allege that, if the limitation is determined to not take effect

---

[30] Statutes of repose deadlines have been applied strictly. *See generally Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 489 A.2d 413, 421 (Del. 1984), *on reargument* (Feb. 15, 1985); *In re Est. of Lambeth*, 2018 WL 3239902, at *2 (Del. Ch. July 2, 2018), *adopted sub nom. Lambeth v. Kendall* (Del. Ch. 2018).

[31] 12 *Del. C.* §3546(a)(2). Section 3546 precludes the filing of challenges to the creation of revocable or irrevocable trusts after the first of the following occurs: (1) 120 days after the person contesting the trust was notified in writing concerning the trust's existence, trustee's name and address, whether the person is a beneficiary, and the timing for contesting the trust; (2) two years after the trustor's death; (3) after expiration of the time in which a petition for review of a will could be filed if the trust was revocable at the trustor's death and was referenced in the trustor's will; or (4) the right to contest was precluded by adjudication, consent or other limitation. 12 *Del. C.* §3546. The limitation which Defendants argue precludes this action is whether the challenge was filed within two years following the trustor's death.

[32] D.I. 97, at 6-7.

[33] *Id.*, at 7.

until Halsey's death (which could occur many years later), the result would contravene the legislative intent to "encourage the prompt resolution of disputes."[34]

Rumford responds §3546 does not bar her claims because she filed the claims within two years of Halsey's death, and the "only reasonable interpretation of 'the trustor' in [§3546] is the *surviving* trustor, i.e., the trustor whose death makes the trust irrevocable."[35]  She asserts that a beneficiary lacks standing to challenge a revocable trust while a trustor is alive and can amend or revoke the trust, making any harm to the beneficiary speculative.[36]  Rumford further argues that a determination regarding laches should be evaluated on a complete factual record.[37]

The issue is whether, under §3546, the two-year limitation to challenge the validity of a joint trust begins to run with the death of the trustor whose status is at issue, or with the death of the surviving trustor.  Section 3546 does not address

---

[34] *Id.*, at 7-8.

[35] D.I. 104, at 5.

[36] *Id.*, at 6-7.

[37] *Id.*, at 9.  Rumford also argues that Halsey's unclean hands regarding the Joint Trust and the 2014 Deed (she asserts that Halsey knew that Joan did not sign the documents and that Joan lacked capacity to execute those documents) should be imputed to Defendants and they should be precluded from invoking equitable defenses related to those documents. *Id.*, at 11.  Defendants respond that, even assuming Halsey had unclean hands, Halsey's actions do not have the "immediate and necessary" relation to Defendants' laches defense so their equitable claims are not barred. D.I. 106, at 8.  Since Defendant's equitable defenses related to the Joint Trust and the 2014 Deed are addressed on other grounds, I do not decide the unclean hands issue at this point.

10

joint trusts, nor does it provide for separate consideration or deadlines for claims associated with particular trustors. As a statute of repose, however, §3546's purpose is "to grant complete peace" after the running of a statutorily set time limitation.[38] To determine what constitutes "complete peace," I look to the trust's operation consistent with the trustor's intent, because "[i]n Delaware, the settlor's intent controls."[39] "A proper construction of an inter vivos trust instrument depends on the intent of the maker as disclosed by its language at the time of execution."[40]

The Joint Trust provides that "[e]ither of the Grantors may, by a written instrument . . . during the lifetime of either Grantor, revoke this Agreement in whole or in part and amend it from time to time in any respect. Upon the deaths of both of the Grantors this Trust Agreement shall become Irrevocable."[41] During the Grantors' lifetimes, the trustee pays all trust income and principal as "either of the

---

[38] *In re Est. of Lambeth*, 2018 WL 3239902, at *3 (Del. Ch. July 2, 2018), *adopted sub nom. Lambeth v. Kendall* (Del. Ch. 2018) (citation omitted); *see also Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 489 A.2d 413, 421 (Del. 1984), *on reargument* (Feb. 15, 1985).

[39] *In re Tr. Under Will of Flint for the Benefit of Shadek*, 118 A.3d 182, 194 (Del. Ch. 2015); *see also In re Peierls Fam. Inter Vivos Trusts*, 77 A.3d 249, 263 (Del. 2013) (citations omitted); *Chavin v. PNC Bank*, 816 A.2d 781, 783 (Del. 2003) (citations omitted).

[40] *In re Tr. of Samuel Bancroft, Jr. Art Collection under Agreement dated Mar. 29, 1935*, 1981 WL 15126, at *2 (Del. Ch. Oct. 28, 1981).

[41] D.I. 81, Ex. F, Art. I.

Grantors . . . directs in writing."[42] "After the death of both of the Grantors," trust property is then distributed to contingent beneficiaries.[43]

It is clear from the language of the Joint Trust that the co-grantors intended that they each have rights to direct trust property and to amend and revoke the Joint Trust throughout their lifetimes, and that those rights continue after the death of the other co-grantor. It is at the death of the second co-grantor that the trust becomes irrevocable. Considering the co-grantors' language and intent, I am persuaded by Rumford's argument that the only reasonable interpretation of §3546, under the circumstances, is that the two-year limitation begins to run at the surviving trustor's, or Halsey's, death. I understand Defendants' concern that the legislative intent of §3546 was to encourage prompt resolution of disputes; however, it is not reasonable to interpret that general intent – without specific statutory language addressing joint trusts – as overriding the co-grantors' plain intent to maintain the Joint Trust's flexibility for either co-grantor during both of their lifetimes. Since §3546's two-year limitation to challenge the Joint Trust's validity began running at Halsey's death, this action was filed within §3546's required time frame.

"Under ordinary circumstances, a suit in equity will not be stayed for laches before . . . the time fixed by the analogous statute of limitations at law; but, if

---

[42] *Id.*, Art. II(A).

[43] *Id.*, Art. III.

unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer period, . . . the [court] will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it."[44] In other words, laches permits a court "to hold a plaintiff to a shorter period if, in terms of equity, the plaintiff should have acted with greater alacrity, and when the plaintiff's failure to seek equitable relief with alacrity threatens prejudice to the other party."[45]

Here, I find Rumford's claims were timely under the analogous limitations period established in §3546, so her claims will be barred by laches only if her failure to act with greater speed caused prejudice to Defendants. Prejudice includes, "for example, where the delay prevents a party from calling crucial witnesses who . . . have become unavailable because of intervening disappearance, illness, or death."[46] I consider that the Joint Trust was created in 2014, and that Joan died in 2015 and Halsey in 2017, so neither co-grantor remains available to provide evidence concerning Joan's capacity and whether she was unduly influenced to create the Joint Trust. However, the absence of Halsey and Joan as

---

[44] *Reid v. Spazio*, 970 A.2d 176, 183 (Del. 2009) (internal quotation marks and citations omitted).

[45] *Whittington v. Dragon Grp., LLC*, 991 A.2d 1, 8 (Del. 2009) (internal quotation marks and citations omitted); *see also In re Sirius XM S'holder Litig.*, 2013 WL 5411268, at *4 (Del. Ch. Sept. 27, 2013).

witnesses may be counterbalanced by the availability of other witnesses, including the attorney who prepared the Joint Trust and witnessed its execution.[47] At this juncture, I find there is a genuine issue of material fact whether Defendants have been prejudiced as a result of Rumford's delay, or whether other unusual conditions or extraordinary circumstances exist that would make it inequitable to allow Rumford to challenge the validity of Joan's execution of the Joint Trust. I further consider that "[o]rdinarily, summary judgment is not granted on the defense of laches," because "[a]ssessing whether delay has been unreasonable and whether there has been resulting prejudice or injury to a party . . . often must await full development of the facts at trial."[48]

In addition, I consider Defendants' claim that Rumford's challenge to the 2014 Deed has expired or is barred by laches. There does not appear to be analogous statutes of limitations since Rumford's equitable claim focuses on the validity of the 2014 Deed.[49] "Where no analogous limitations period exists, . . . the

---

[46] *Steele v. Ratledge*, 2002 WL 31260990, at *3 (Del. Ch. Sept. 20, 2002); *see also Hudak v. Procek*, 806 A.2d 140, 158 (Del. 2002).

[47] *See* D.I. 81, Ex. F.

[48] *Schmidt, by Meekins v. Schmidt*, 1994 WL 198704, at *3 (Del. Ch. May 3, 1994).

[49] *Id.*, n. 1 ("Setting aside a transfer of real property is a remedy solely within the jurisdiction of the Court of Chancery. As there is no concurrent remedy at law, no analogous statute of limitations would appear to apply.").

Court relies entirely on the traditional principles of laches."[50] It focuses on "whether it is inequitable to permit a claim to be enforced, the touchstone of which is inexcusable delay leading to an adverse change in the condition or relations of the property or the parties."[51] A determination on "unreasonable delay and prejudice . . . depend[s] upon the totality of the circumstances."[52]

With regard to prejudice caused by the delay, many of the same considerations apply to the laches analyses for the 2014 Deed as for the Joint Trust. For example, Joan and Halsey, who executed the 2014 Deed, are unavailable but the attorney who prepared and witnessed the execution of the Deed is available.[53] I find there remains a material factual dispute whether Defendants have been prejudiced as a result of Rumford's delay, or whether unusual conditions or extraordinary circumstances exist making it inequitable for Rumford to challenge the 2014 Deed's validity. Therefore, I recommend that the Court deny Defendants' Motion seeking to preclude Rumford's challenge of Joan's execution of the Joint Trust and the 2014 Deed at trial.[54]

---

[50] *Kraft v. Wisdom Tree Investments, Inc.*, 145 A.3d 969, 979 (Del. Ch. 2016).

[51] *Reid v. Spazio,* 970 A.2d 176, 183 (Del. 2009).

[52] *Hudak v. Procek*, 806 A.2d 140, 153 (Del. 2002); *see also Whittington v. Dragon Grp., LLC*, 991 A.2d 1, 9 (Del. 2009).

[53] *See* D.I. 81, Ex. G.

[54] Defendants also seek to preclude Rumford from challenging Joan's execution of the 2014 Will at trial. However, there is no specified claim in Rumford's Amended

15

## III.    Conclusion

For the reasons set forth above, I recommend that the Court deny Defendants' Motion seeking to preclude Rumford from challenging the validity of Joan's execution of the Joint Trust and the 2014 Deed at trial, because of laches and 12 *Del. C.* §3546. This is a final report and exceptions may be taken pursuant to Court of Chancery Rule 144.

Respectfully,

/s/ Patricia W. Griffin

Master Patricia W. Griffin

---

Complaint regarding the 2014 Will so I do not have any issue regarding the 2014 Will before me at this time. D.I. 81. I would be rendering an advisory opinion if I were to address, as a part of this action, whether any future action on the 2014 Will is time-barred by laches. *See, e.g., Rollins Int'l, Inc. v. Int'l Hydronics Corp.*, 303 A.2d 660, 662 (Del. 1973) ("courts will not entertain suits seeking an advisory opinion or an adjudication of hypothetical questions").